E-FILED
Monday, 08 January, 2018 11:46:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY L. CUNDIFF, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-4305 |
| MS. ROSEMARY HAYES, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.*

Plaintiff alleges that he was disciplined for sexually acting out with other residents on three different occasions while working in the dietary unit on September 5, 2017. At Plaintiff's disciplinary hearing (called a behavior committee meeting), Plaintiff denied the accusations, instead asserting that he had actually been sexually assaulted by these residents. The committee nevertheless found Plaintiff guilty and dropped Plaintiff's privilege status to B, which

presumably means fewer privileges and more restrictions. As the basis for its conclusion, the committee referenced the investigator's report of the investigator's interview of Plaintiff, the incident report, and the resident's account. Which resident's account was not stated by the committee, but the committee indicated that Plaintiff had originally admitted the conduct, though Plaintiff denies this. Plaintiff does not give details of the assaults, but his allegations suggest that the assaults involved grabbing Plaintiff's penis. (Compl. ¶ 8.)

Plaintiff took steps to try to initiate criminal charges against the residents who had assaulted him. Plaintiff was then moved to a different cell and placed on "escort status" for his own protection. Plaintiff does not explain what escort status is—the Court presumes that escort status means that Plaintiff needed an employee to escort Plaintiff when he left his housing unit.

Plaintiff then decided to stop pursuing criminal charges because the investigator told him that the incident would be seen as consensual and that proving assault would be difficult because it came down to Plaintiff's word against the residents' word. Plaintiff remained on escort status into November, which meant that he

could not be assigned certain tasks, or jobs, off of Plaintiff's housing unit. Plaintiff was removed from his job taking care of the hall floors because of his escort status. Plaintiff filed a grievance, asserting that he was no longer on escort status, but the staff disagreed and instructed Plaintiff to contact his treatment team for review of his escort status. Whether Plaintiff is still on escort status is unclear.

**ANALYSIS**

The Court cannot discern a possible violation of federal law from these allegations. Plaintiff disagrees with the decisions made, but courts must give deference to those decisions absent some constitutional violation or other violation of federal law.

Plaintiff does not say what privileges/restrictions he had on B status, but the Seventh Circuit Court of Appeals has held that placement in "close" status alone does not suggest a constitutional violation. Miller v. Dobier, 634 F.3d 412, 415 (7th Cir. 2011)("Even when Miller was in "close" status, he was free to leave his cell for most of the day, to receive visitors, and in this and other respects to avoid extremes of close confinement such as are encountered in

segregation units.") The Court's understanding from prior cases is that close status is more restrictive than B status.

Even if B status were restrictive enough to trigger procedural due process protections, the documents attached to the complaint appear to show that Plaintiff did receive due process. Wolff v. McDonnell, 418 U.S. 539, 563–64 (1974)(procedural due process means advance written notice of charge, an opportunity to present evidence, an impartial decisionmaker, a statement of reasons for decision, and some evidence to support that decision). Plaintiff may disagree with the decision, but that is not enough to state a federal claim.

Nor does Plaintiff's placement on escort status give rise to a constitutional claim. The escort status might have been in place longer than Plaintiff thought necessary, but that is a decision left to the discretion of Plaintiff's treatment team or security staff. *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised). Further, Plaintiff has no constitutional right to an off-unit job in the facility, or, generally, to a job at all. *See* Wallace

v. Robinson, 940 F.2d 243, 248 (7th Cir. 1991)(prisoner has no constitutional right to particular job assignment); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities). If having a job at the facility is required for progress in treatment, a claim might be stated if Plaintiff were prevented from obtaining any job, but Plaintiff does not make that allegation. Hughes v. Farris, 809 F.3d 330, 334 (7th Cir. 2015).

If Plaintiff is contesting the handling of his accusations of sexual assault, he does not explain how that handling was wrong. An investigation was conducted, and Plaintiff was moved to a different cell and placed on escort status for his own protection.

For these reasons, the Court concludes that Plaintiff's present allegations do not state a federal claim. However, Plaintiff will be given an opportunity to file an amended complaint. Tate v. SCR Medical Transp., 809 F.3d 343, 346 (7th Cir. 2015)(litigants should be given opportunity to amend).

**IT IS ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim.

By February 12, 2018, Plaintiff may file an amended

complaint. Failure to file an amended complaint, or filing an amended complaint that still fails to state a federal claim, will result in the dismissal of this case, without prejudice.

ENTERED: January 8, 2018

FOR THE COURT:

                      **s/Sue E. Myerscough**
                    SUE E. MYERSCOUGH
           UNITED STATES DISTRICT JUDGE